Foxcroft, *treasurer, &c. vs.* Nevens & als.

If, in an action on a bond given for the faithful performance of the duties of an office, the principal is defaulted, the declaration is to be taken as true against him alone; and the sureties are not thereby precluded from any matter proper for their defence.

Under *Stat.* 1821, *ch.* 116, *sec.* 1, the lists of assessment of taxes must be *signed* by the assessors. The signing of the warrant, usually inserted at the end of the tax-bill, is not a sufficient compliance with the statute in this particular.

A collector of taxes, having given bond conditioned that he should " well and " truly collect all such rates for which he should have *sufficient warrant,* " under the hands of the assessors, according to law, and pay the same into the " treasury," &c. received of the assessors a tax-bill *not signed*, together with a warrant in legal form for the collection of the taxes; after which he received, by voluntary payments, the amount of a large part of the taxes, which he neglected to account for.—In an action on the bond it was held to extend only to such taxes as he might collect after receiving a full legal authority to enforce the collection;—and that the tax-bill not being *signed,* the warrant annexed to it was insufficient, and the condition was therefore saved.

This was an action of debt on a bond given by the defendant *Nevens* on being chosen collector of taxes for the town of *New-Gloucester*, and conditioned that he should " well and truly col-" lect all such rates for which he should have *sufficient warrant,* " under the hands of the assessors, according to law, and pay the " same into the treasury," &c. *Nevens*, the principal defendant, never appeared in the suit, and his default was entered of record in the court below, at the first term.

The pleadings of the sureties presented two questions of fact. 1st. whether the taxes committed to the defendant *Nevens* to collect were duly and legally assessed; and 2d.—whether the warrant delivered to him by the assessors was a sufficient warrant.

To prove the first issue, the plaintiff shewed that the assessors and collector were duly chosen and sworn, and that the monies assessed were legally raised by votes of the town, and authorized by the State and county warrants. He then offered a book purporting to be a tax-book or list, but wanting the signature of the assessors; and which for that reason, the Chief Justice, before whom the cause was tried, rejected.

Foxcroft v. Nevens & als.

He also offered a warrant in legal form, under the hands and seals of the assessors, and annexed to the tax-book or list above mentioned, directing the collector to collect the taxes mentioned in that list ; but this also the Chief Justice rejected, on the ground that it was not a sufficient warrant for the collection of *those sums.*

It however appeared that *Nevens* had collected and received monies of many persons named in the list, by the supposed virtue of the warrant.

It was contended by the counsel for the plaintiff that the default of the principal defendant in the action was conclusive against his sureties ; and if not, yet that the plaintiff was entitled to judgment and execution for such monies as the collector had actually received *virtute officii.* But both these points were overruled, and a verdict taken for the defendants, subject to the opinion of the court.

*Longfellow* and *Greenleaf*, for the plaintiff.

The defendants are concluded by the default of *Nevens*, the principal in the bond ; for the liabilities of sureties are in all things coextensive with those of the principal. *Bigelow v. Bridge* 8 *Mass.* 276. By the *Stat.* 1821, *ch.* 59, *sec.* 15, the default of the defendant being recorded, "the charge in the declaration "shall be taken and deemed to be true." And the evidence of the breach of the bond being thus become matter of record, it cannot now be contradicted by the other defendants. They may perhaps be received to plead *non est factum*, or any other plea tending to their own personal discharge ; but not a plea which goes to the whole merits of the action. 1 *Chitty's Pl.* 546. 7 *Vin. Abr.* 458 *pl.* 6, 7, 8, 9, 10. 1 *Phil. Evid.* 141. 5 *Dane's Abr.* 678.

But upon the merits, the plaintiff is entitled to recover. By the terms "sufficient warrant" the parties evidently intended no more than that *Nevens* should not be liable for not compelling payments, unless he had the means of compulsion. A warrant was necessary only to compel the unwilling. It conferred no authority to receive the money from those who were willing to pay ; for

that he already had by virtue of his office, as soon as each person's proportion was fixed by the assessors. And whatever monies he thus received, it was his official duty to pay over.

None but the persons taxed can take advantage of the defects in the list of assessments. And these have waived the objection, by making voluntary payments, which they cannot now recover back. It was no more than each man's just proportion of the tax, which, in equity and conscience, he ought to pay. *Bize v. Dickason* 1 *D. & E.* 286. *Price v. Neal.* 3 *Burr.* 1357. *Moses v. McFerlan* 2 *Burr.* 1012, which, as to this point, is not overruled. *Cartwright v. Rowley* 2 *Esp.* 723. 2 *Comyn on Contr.* 37. In this view of the case it is as if an administrator should receive the voluntary payment of a debt not recoverable at law, as of a note usurious, or given for a gaming debt, &c.—or if a sheriff should in like manner receive the amount of an execution having no seal, &c. —in either of which cases the *bondsmen* could not be admitted to say the money was not received *virtute officii.*

*Orr* and *Fessenden* for the defendants.

The condition of the bond has reference to two things, the first of which, viz. the delivery of a " sufficient warrant," was to be performed by the obligee; and he having failed to do this, the condition is saved. Where the condition does not specify by whom an act is to be done, it shall be done by him who is skilled in performing it. 5 *Dane's Abr.* 176. And here the first act belonged to the assessors, as officers of the town, whom the plain-tiff represents. Its omission may be a serious injury to the sure-ties ; for in case of the absconding of the collector, they ought to have the benefit of the bills to finish the collection; but if these are illegal, they would be of no avail. The warrant is not suffi-cient, because it does not authorize the collection of a legal tax; for the assessment not being signed by the assessors, it is incom-plete and void. *Colby v. Russell* 3 *Greenl.* 227.

Nor does the voluntary payment of any sums assessed, impart vitality to the tax list, or strengthen the plaintiff 's right of action. To say that though the party has not done what he stipulated to do, yet he has performed another thing as good, is no answer to

an action for covenant broken. 5 *Dane's Abr.* 181. *Buckland v. Bartow* 2 *H. Bl.* 136. Such payments therefore do not save the condition on the part of the obligee to deliver a warrant sufficient to enforce the collection of the taxes; and the bond is for that cause of no validity against the defendants. If the defendant *Nevens* has received money belonging to the town, he may be liable in *assumpsit* ; but not on the bond, which is wholly a distinct contract, deriving all its force from an act to be done by the obligee, prior to which the liability of the obligors did not commence.

They were about to reply to the arguments on the effect of the default of the principal ; but were stopped by the court; whose opinion was afterwards delivered by

WESTON J. With regard to the first point taken by the counsel for the plaintiffs, we are very clear that the default of the principal can have no effect to charge the sureties. The declaration is to be taken as true only against the party defaulted. The provision of the statute relied upon, cannot fairly be considered as extending further. The case of *Dawes v. Shed*, 15 *Mass.* 6, and of *Baylies v. Davis*, 1 *Pick.* 206, are authorities to this point.

The liability of the sureties depends upon the legal construction of the condition of the bond. By this condition, *Nevens*, the principal, was well and truly to collect all such rates as should be committed to him, for which he should have a sufficient warrant, under the hands of the assessors according to law ; render a due account thereof, and pay over the same. The first act was to be done by the assessors of the town in whose behalf this action is prosecuted. They were to commit rates or assessments to the collector ; with a sufficient warrant for their collection. How this is to be done the statute prescribes. The assessments thus to be committed, are to be under the hands of the assessors, or the major part of them. It appears in the case before us, that no assessments, under the hands of the assessors, were committed to the collector. That this is an essential requisite, which cannot be dispensed with, we have decided in the case of *Colby v. Russell & al.* 3 *Greenl.* 227, in which similar language was used in

a private statute. The collector therefore was clothed with no sufficient warrant or authority to collect, by any compulsory method, any of the sums borne on the list, which was put into his hands. It would seem, from the express language of the condition, that the sureties undertook for the fidelity of their principal, when he should be furnished with the legal and proper authority, necessary to the effectual discharge of his duty. This not having been done, we cannot extend their liability by construction, beyond the bounds by which it is expressly qualified and limited in plain and explicit terms.

It is contended however that, although the collector had no means of compelling payment, yet if persons borne on the list, waiving all exceptions to the regularity of the proceedings, had voluntarily paid the sums set against their names, the collector might well receive them, and that it became his official duty to account for, and pay over monies which might thus come to his hands, more especially as it is insisted that persons paying, under these circumstances, could not legally reclaim or recover back the same. All this may be true ; yet the language of the condition does not appear to be broad enough to embrace this part of his official duty ; if such it is to be considered. Had the bond been conditioned for the faithful discharge of his duty as collector which the statute requires, the liability of the sureties would doubtless have been commensurate with his duties ; and we are not prepared to decide that the facts in this case would not have constituted a breach of the condition of such a bond. But the limitation here extends as well to the sums, which were to be accounted for and paid over, as to those which were to be collected ; namely to the sums which should be contained in the rates or assessments committed to him, and for the collection of which he should have a sufficient warrant.

Upon the whole, considering the special terms of the condition of the bond before us, and that the insufficiency of the authority of the collector, arises from the negligence of the officers of the town, in whose behalf the plaintiff prosecutes this action, we are satisfied that the jury were rightly directed by the judge, who presided at the trial ; and that there must be

*Judgment on the verdict.*